IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY JOANNA COMER,

Plaintiff,

v.                                                          OPINION and ORDER

DANIEL JOSEPH TOLAN                                         26-cv-268-wmc
and SHARON JORGENSON,

Defendants.

---

Plaintiff Mary Joanna Comer, representing herself, has filed a complaint against defendants, a Polk County Circuit Court judge and the clerk of circuit court, alleging violations of her federal constitutional rights.  Plaintiff alleges that defendants have refused to accept filings submitted by Thomas Edward Humphrey, a non-attorney who she calls her "Constitutional Counsel of Choice," in a state-court criminal case proceeding against her. Dkt. 1, ¶ 1.

Now before this court is plaintiff's motion seeking to file documents electronically. Dkt. 3.  To do so, a party must first register an account with PACER and then seek this court's permission to file electronically.  The motion indicates that plaintiff has a PACER account, that she consents to electronic service, that she understands that documents must be submitted as unencrypted PDFs that comply with privacy protections, and that her signature will appear on all of her filings.

The court will grant the motion, but with an important caveat.  In all of plaintiff's filings to date, she notes that Humphrey is assisting her with the preparation documents, and his signature appears on some of her filings. *E.g.*, Dkt. 1 at 72.  Plaintiff is cautioned that parties in federal court must litigate their cases "personally or by counsel."  28 U.S.C. § 1654.

"Counsel" means a licensed attorney admitted to practice in this court.  L.R. 83.5.  Thus, for good reason, a non-attorney like Humphrey cannot represent a party like plaintiff in a federal court case, inclusive of filing motions or other documents, *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986), even if the non-attorney is a concerned citizen, *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013).  In sum, plaintiff must litigate this case on her own or through an attorney.  She is responsible for the contents of all of her submissions, and she must personally sign and file those submissions using her PACER account.  The court may strike motions or other submissions that it determines have been signed or filed by a non-party on plaintiff's behalf.

Plaintiff seeks leave to proceed without prepayment of the filing fee.  Dkt. 2.  Upon resolving that request, the next step involves screening the complaint.  The court will dismiss any portion of the complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (the court has the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The complaint is currently under advisement, as is plaintiff's request for injunctive relief in the form of an order staying all state-court proceedings against her while this federal lawsuit is pending.  Dkt. 4.  The court will address these items a separate order.

ORDER

IT IS ORDERED that plaintiff Mary Joanna Comer's motion for leave to file electronically, Dkt. 3, is GRANTED, but plaintiff is cautioned that a non-attorney cannot represent her in this lawsuit.

Entered March 31, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge