IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARY JOANNA COMER,

                        Plaintiff,                          OPINION AND ORDER

        v.
                                                            26-cv-268-wmc

DANIEL JOSEPH TOLAN and
SHARON JORGENSON,
                        Defendants.

Plaintiff Mary J. Comer, who is representing herself, asserts in a complaint filed under 42 U.S.C § 1983 that defendants Polk County Circuit Court Judge Daniel Joseph Tolan and Polk County Clerk of Court Sharon Jorgenson violated her First, Fifth, Sixth, Ninth, and Fourteenth Amendment rights by striking her filings docketed in her criminal proceeding in Polk County Circuit Court and banning future filings from anyone other than the named parties or their licensed attorneys. (Dkt. #1.) For these acts, plaintiff seeks compensatory and punitive damages, *id.,* and has also filed an emergency motion for a temporary restraining order and preliminary injunction to halt her ongoing State criminal proceeding until resolution of this action. (Dkt. #4.)

Because plaintiff has been granted leave to proceed *in forma pauperis* (dkt. #7), this court must screen and dismiss any claim brought that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts sufficient to show that they are plausibly entitled to relief. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007).  For the reasons explained below, plaintiff's complaint is facially defective and must be dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND FACTS[1]

Plaintiff Mary J. Comer is the defendant in a Class C felony prosecution in Polk County Circuit Court Case No. 2026CF23, where she is charged with second-degree sexual assault of a child.  Defendant Daniel J. Tolan is the circuit court judge presiding over that case.  Defendant Sharon Jorgenson is the Polk County Clerk of Court.  Non-party Thomas Edward Humphrey is Comer's son but not licensed to practice law.  Nevertheless, Comer has identified Humphrey as her "constitutional counsel of choice," who has been "assisting" Comer in her criminal defense and this action.[2]

Between February 27 and March 2, 2026, six documents were filed in Comer's criminal case: (1) "DEFENDANT'S MOTION FOR CONSTITUTIONAL COUNSEL"; (2) "MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION"; (3) "NOTICE OF APPEARANCE"; (4) "SWORN TESTIMONY OF MARY J. COMER"; and (5) "PSYCHOLOGICAL AND LEGAL RESEARCH MEMORANDUM"; "REQUEST TO APPEAR BY VIDEO (ZOOM) AT INITIAL APPEARANCE."  The documents either

---

[1] The background facts are drawn from plaintiff's complaint, which were also incorporated into the statement of proposed facts in support of her motion for a temporary restraining order and preliminary injunction.  In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

[2] Plaintiff's complaint in this action was signed by both plaintiff *and* Humphrey, although the latter appears to have no recognized role to play.

indicate that they were submitted by Humphrey, by Humphrey and Comer together, or do not identify who submitted them.  Although Clerk of Court Jorgenson did not immediately docket these documents, they apparently were received by the Polk County Circuit Court and are visible on the record of that case.

During plaintiff's initial appearance on March 2, where Comer was represented by a public defender, Judge Tolan explained that the court will only accept documents filed by an attorney or party.  On March 4, he also issued a written order stating that the court will:  strike documents filed by Humphrey; prohibit further filings made by anyone other than the named parties and licensed attorneys; limit communications to the court regarding the matter to parties and licensed attorneys; and rename any struck document as a "Third-party filing Stricken by the Court."  In support of this order, Judge Tolan referred the parties to Wis. Stat. § 757.30, which prohibits the unauthorized practice of law.

Comer is next scheduled to appear for a preliminary hearing before Judge Tolan on April 6, 2026.

OPINION

Plaintiff has failed to state a claim upon which relief may be granted.  As to defendant Tolan, judges are entitled to absolute immunity from damages for their judicial conduct.  *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12(1991)).  Judges are further immune from suit under § 1983 unless their actions were:  (1) outside their judicial capacity; or (2) taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12.  Here, plaintiff expressly complains about

3

defendant Tolan's judicial order striking documents filed by Humphrey, changing the names of those documents, and setting limitations on who could file or contact the court in the future regarding a criminal proceeding before him in keeping with black letter, Wisconsin law.

Managing his docket, including what is allowed to be filed and who may file, is a core function of a judge's duty. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of courts to control their dockets to ensure the orderly and efficient resolution of cases). Thus, defendant Tolan is entitled to immunity from suit in this court on the face of plaintiff's allegation in her complaint.

Plaintiff's mischaracterization of Judge Tolan's acts as legislative, administrative or in the clear absence of all jurisdiction is wholly unpersuasive. Rather, his order is in keeping with Wis. Stat. § 757.30, which expressly prohibits non-lawyers like Humphrey from practicing law before him in his judicial capacity, then clarifies who is permitted to contact the court about the proceeding moving forward. Accordingly, his conduct at issue here is quintessentially judicial in nature.

Although the court need not reach the issue, plaintiff's asserted right to have Humphrey represent her is also unsupported by the Sixth Amendment. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."). Likewise, there is no constitutional right to "hybrid representation" by simultaneously representing oneself while represented by counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). For this reason, judges are not obliged to act on *pro se* filings by represented

4

litigants. *United States v. Blount*, 93 F.4th 1063, 1065 (7th Cir. 2024). Finally, plaintiff's assertion that Judge Tolan's order prevents her from bringing any defense is unfounded; rather, it properly reserves the right for her and her attorney to submit new filings in compliance with the law.

As for the other named defendant, Polk County Clerk of Court Jorgenson, the Seventh Circuit has recognized that absolute immunity is extended to judicial subordinates when performing tasks administrative in nature at the explicit direction of a judicial officer. *Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004). Here, at the express order direction of Judge Tolan, defendant Jorgenson docketed, struck, and changed the name of plaintiff's filings, entitling him to absolute judicial immunity from damages.

Nor do plaintiff's factual allegations support injunctive relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution unless: (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Id*. at 53-54. As pleaded, none of these exceptions apply to plaintiff's complaint.

While plaintiff again argues otherwise -- asserting that she is entitled to injunctive relief because her criminal proceedings run afoul of her right to counsel and her right to present a defense in her criminal proceeding -- she is wrong as a matter of law for reasons

already discussed above.  First, plaintiff's asserted right to have Humphrey represent her is without any support from the Sixth Amendment, and second, the state court's order does not prevent plaintiff from presenting any valid defense by her licensed counsel appointed for her or by herself should she decide to proceed without counsel.  Accordingly, this court has no legal authority to intervene in Comer's state court criminal proceedings.

Finally, although the Seventh Circuit Court of Appeals has cautioned against dismissing an unrepresented plaintiff's case without giving her an opportunity to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal is appropriate here because plaintiff's allegations do not suggest that she could amend her complaint to state a claim for relief in federal court.  To the contrary, her complaint establishes quite the opposite.

## ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  Plaintiff's motion for a preliminary injunction (dkt. #4) is DENIED as moot.

Entered this 2nd day of April 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6