**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted September 22, 2026*
Decided September 22, 2026

**Before**

MICHAEL B. BRENNAN, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

No. 26-1662

MARY JOANNA COMER,
*Plaintiff-Appellant*,

*v*.

DANIEL JOSEPH TOLAN
and SHARON JORGENSON,
*Defendants-Appellees*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 26-cv-268-wmc

William M. Conley,
*Judge*.

**O R D E R**

Mary Comer filed a complaint under 42 U.S.C. § 1983 seeking damages and injunctive relief against the judge presiding over her pending criminal case in the Circuit Court of Polk County, Wisconsin, and the clerk of that court, alleging that they violated her constitutional rights by striking and barring papers filed by her unlicensed

* The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

attorney. The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915(e)(2). We affirm the judgment.

In January 2026, the state of Wisconsin charged Comer with second-degree sexual assault of a child. *See Wisconsin v. Comer*, No. 2026CF23 (Polk Cnty. Cir. Ct. filed Jan. 19, 2026). Before her initial appearance, Comer and her son, Thomas Edward Humphrey, submitted several documents to the court for filing in Comer's criminal case. Each document was either signed by Comer; signed by both Comer and Humphrey, whom Comer described in the papers as her "constitutional counsel of choice" but is not a licensed attorney; or was unsigned. The documents referenced her attempt to have Humphrey represent her and her request to attend the initial appearance by video. The Circuit Court of Polk County received and file-stamped the papers on February 27, 2026, but the clerk did not immediately docket them.

On March 2, Comer attended her initial appearance in person and was represented by a public defender. At the hearing, Judge Daniel Tolan addressed the documents and informed Comer that the court would accept papers only from a licensed attorney or Comer herself and not from third parties.

Two days later, Judge Tolan issued a written order explaining that Humphrey, a non-party, had submitted multiple documents on behalf of Comer even though Humphrey did not identify himself as an attorney licensed to practice law in Wisconsin. The order stated the court would strike the documents and rename them as "Third-party filing Stricken by the Court." The order also prohibited further filings from anyone other than the named parties or a licensed attorney, restricted communication with the court about Comer's case to parties and licensed attorneys, and warned that violations may be punishable as contempt. The next day the clerk docketed the documents, as renamed and stricken, consistent with the order.

Comer soon filed this lawsuit under 42 U.S.C. § 1983 against Judge Tolan and the Polk County Clerk of Circuit Court, Sharon Jorgenson, alleging that the judge's order—and the clerk's compliance with it—violated her rights under the First, Fifth, Sixth, Ninth, and Fourteenth Amendments as well as state law. In addition to damages, Comer sought a declaratory judgment that the order violates the Constitution. She also asked for injunctive relief, including the dismissal of her pending charges and restoration of the stricken documents to the state court's docket. She argued that the filing restriction would cause irreparable harm to her right to represent herself or to have counsel of her choice under the Sixth Amendment and her right to present a defense under the Fourteenth Amendment.

The district court dismissed the action for failure to state a claim. First, the court determined that Judge Tolan's order was a quintessential judicial act taken in his judicial capacity that rendered him immune from suit for damages. Likewise, the court concluded that the clerk was entitled to immunity because her actions were consistent with Judge Tolan's express order. Finally, the court denied any injunctive relief directed at the state-court proceedings because Comer did not establish any exception to abstention under *Younger v. Harris*, 401 U.S. 37 (1971). It rejected Comer's assertion that the order suppressed her defense because she or her licensed attorney could still file papers. Comer appealed.

We begin with *Younger*. When a defendant asks a federal court to enjoin state criminal proceedings, the federal court must abstain unless there exist extraordinary circumstances where irreparable injury can be shown. *Younger*, 401 U.S. at 53; *see Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (extending *Younger* to request for declaratory judgment). Such extraordinary circumstances must deprive the defendant of a state remedy to correct the alleged constitutional violations, before a federal court will intervene. *See FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 597–98 (7th Cir. 2007).

On appeal, Comer maintains that Judge Tolan's order barring non-attorneys and non-parties from filing papers in her case is an extraordinary circumstance that leaves her unable to vindicate her asserted federal rights. But Judge Tolan's actions are far from extraordinary. Control of the docket is a key aspect of a court's proper functioning that falls squarely within a judge's role. *See, e.g.*, *Kowalski v. Boliker*, 893 F.3d 987, 999 (7th Cir. 2018) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 761 (7th Cir. 1989)); *State v. Lee*, 955 N.W.2d 424, 436 (Wis. Ct. App. 2021). And the state's power to regulate the practice of law in its courts is well established. *See Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1385–86 (7th Cir. 1992).

Whether the submissions in Comer's case were properly stricken is a matter for the state courts to resolve in the ordinary course, subject at most to federal review by the Supreme Court or in a collateral attack on any conviction; there is nothing exceptional about this prosecution to require intervention before then. Comer remains free to present any valid defenses she may have. The order permits licensed counsel (or Comer, if proceeding pro se) to file papers. She is even free to argue that the order violates the Constitution or state law. The state courts may well reject any constitutional argument on the merits, but that possibility is no basis to turn to federal court instead. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 680–81 & nn.5–6 (7th Cir. 2010).

The federal courts also may not restore her documents to the state court's docket. "State courts have a significant interest in running their own clerks' offices and setting their own filing procedures," and a federal court should not exercise jurisdiction over challenges to the clerk's procedures before the state courts can address the issue. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). Comer's remedy for any wrongly stricken document or improper limitation on her representation is to seek appellate review within the state-court system at the appropriate time. Under *Younger* she is not entitled to any equitable relief in federal court before then. *See State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997) (sanctioning attorney who sought injunction permitting him to represent defendant); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1323 (7th Cir. 1995) (abstaining in non-lawyer's suit challenging restriction on practice of law).

That leaves Comer's damages claims, which may be stayed only on abstention principles. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). But there is no reason to stay claims that are barred by judicial immunity. Judges are entitled to absolute immunity from damages claims for their judicial conduct. *Stump v. Sparkman*, 435 U.S. 349, 356–58 (1978). Though Comer argues the district court did not consider whether Judge Tolan's actions were judicial in nature, the court recognized that docket and record management are core judicial functions. *See, e.g.*, *Dellenbach*, 889 F.2d at 761. Comer insists that Judge Tolan's decision to strike, rather than deny, her requests makes his acts non-judicial, but we see no material difference between these actions. *Cf. Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (noting that striking is one way a judge may dispose of a motion).

Jorgenson is also entitled to immunity as the clerk of court. Comer maintains that the clerk failed to perform a mandatory ministerial duty by not entering the documents on the docket for six days, until after Judge Tolan's order. But judicial immunity extends to the conduct of non-judicial officials when they act at the explicit direction of the judge. *Snyder v. Nolen*, 380 F.3d 279, 286–87 (7th Cir. 2004). Judge Tolan expressly directed the clerk to strike the papers from the docket in the manner she did and the delay between the filing of the documents and the judge's order does not strip the clerk of her immunity for implementing his decision.

We have considered Comer's other arguments but none merits discussion.

AFFIRMED